﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 190319-5022
DATE: June 20, 2019

ORDER

Entitlement to service connection for degenerative arthritis of the lumbar spine with intervertebral disc syndrome and dextroscoliosis (low back condition) is granted.

REMANDED

Service connection for a left knee condition, to include as secondary to a low back condition is remanded.

FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, his low back condition was incurred in service.

CONCLUSION OF LAW

The criteria for service connection for degenerative arthritis of the lumbar spine with intervertebral disc syndrome and dextroscoliosis have been met. 38 U.S.C. §§ 1110, 5103; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in February 2019. In December 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d))

The Veteran served on active duty in the U.S. Navy from October 1958 to October 1964. 

The Veteran submitted his original claim for service connection for a low back condition in November 2017. This claim was initially denied by the Agency of Original Jurisdiction (AOJ) in an October 2018 rating decision. Thereafter, in November 2018, the Veteran submitted a formal claim (VA 21-526EZ) for service connection for a left knee condition and reconsideration of the low back condition claim, along with new and material evidence. These claims were subsequently denied in a November 2018 rating decision. He selected the Higher-Level Review lane when he submitted his Rapid Appeals Modernization Program (RAMP) election form, received by VA on December 10, 2018. 

Subsequently, the AOJ issued a February 2019 RAMP rating decision denying both claims. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

As the Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a RAMP election form, the February 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. 

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C. § 7107(a)(2).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated during active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Generally, to establish service connection, there must be competent, credible evidence of 1) a current disability, 2) in-service incurrence or aggravation of an injury or disease, and 3) a nexus, or link, between the current disability and the in-service disease or injury. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Where there is a chronic disease shown as such in service or within the presumptive period under 38 C.F.R. § 3.307, so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b).

Service connection may be established for chronic diseases, to include arthritis, manifesting to a certain degree within a year after service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309(a).

Entitlement to service connection for a low back condition.

The Veteran contends that his current low back condition is related to his military service, specifically a low back injury that occurred in October 1959.

The AOJ found that the Veteran has a current diagnosis of degenerative arthritis of the lumbar spine with intervertebral disc syndrome and dextroscoliosis and that the Veteran injured his back while playing football in October 1959.

The question in this case is whether a causal relationship or nexus exists between the Veteran’s low back disability and his active service, to include his October 1959 injury.

The Veteran’s service treatment records (STRs) show that the Veteran was hospitalized for six days following his low back injury in-service. The reports show that his back injury was sustained during the line of duty and that he was “admitted [and placed] on orthopedic bed” for six days. 

In a November 2017 statement, the Veteran reported that he has had reoccurring back problems since his in-service injury and since service discharge.

The Veteran was afforded a VA fee-based examination in March 2018. The examiner noted in the examination report that the Veteran has seen providers for his back pain in the past. He also noted that his treatment has included medication, epidural injections, and chiropractic treatment. The examiner opined that the Veteran’s low back condition was less likely than not related to his in-service low back injury. The examiner’s rationale was that the condition in service was acute only, and “there is no evidence of chronicity of care. Nexus has not been established.” First, a review of the examination report and opinion reflects that the examiner did not consider the Veteran’s statements that he has experienced back pain since service. See November 2017 Statement in Support of Claim.

Additionally, the Board finds that the examiner’s rationale is inconsistent with his examination report. In support of his opinion, the examiner states that there is no chronicity of care. However, in his examination report, the examiner notes that the Veteran is receiving and has received treatment for his low back pain. Evidence submitted subsequently to the examination also shows that the Veteran has received treatment for his low back pain in the past. Thus, the examiner’s rationale is inconsistent with his own examination report and with other evidence of record. In light of the foregoing, the March 2018 VA opinion is given limited probative value.

In November 2018, the Veteran submitted private opinions from his private, treating physicians. Dr. D.R. opined that it was more likely than not that his injury in service is associated with his persistent and ongoing pain in his lumbar spine. See October 2018 correspondence from Dr. D.R. He reported that his opinion was based on the mechanism of injury, the treatment, and review of the Veteran’s MRI reports.

The Veteran also submitted an opinion from Dr. N.W. Dr. N.W. opined that the Veteran’s low back condition is more likely than not related to his in-service back injury. See October 2018 correspondence from Dr. N.W.

The Veteran’s wife, C.J., submitted a lay statement in November 2018. C.J. reported that she met the Veteran in 1959 while he was in service, and the two married in 1960. She reported that she and the Veteran were dating when he suffered his in-service back injury and that he has had a bad back since that time.

In light of the Veteran’s six-day hospital stay in-service for his low back, the positive private opinions provided by Dr. D.R. and N.W., the statements from the Veteran and his wife concerning his back pain since service, and the limited probative value afforded to the March 2018 VA opinion, the Board finds that the evidence is at least in relative equipoise and therefore, it will resolve all reasonable doubt in favor of the Veteran and grant service connection for his low back disability. The appeal in this regard is granted.

REASONS FOR REMAND 

Service connection for a left knee condition, to include as secondary to a low back disability.

The Veteran contends that his left knee disorder is secondary to his now service-connected low back disability.

The Veteran has not yet been afforded a VA examination for his left knee disorder. Prior to receipt of the Veteran’s RAMP opt-in election form, the evidence of record showed a current diagnosis related to the left knee, and the Veteran had contended that his left knee disorder was related to his low back disability. See November 2018 VA 21-526EZ, Fully Developed Claim. Thus, the Board finds that the low threshold of McLendon was met prior to receipt of the Veteran’s RAMP opt-in election form, and a VA examination should have been obtained. McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006).

There also may be outstanding, relevant private treatment records. In his October 2018 correspondence, Dr. N.W. indicated that he had treated the Veteran for a left knee disorder from June 2017 to October 2018. However, no records from Dr. N.W. prior to October 2018 are of record. Such information was presented to the AOJ prior to adjudication. Accordingly, a remand is required to allow VA to obtain authorization and request any outstanding records.

The matters are REMANDED for the following action:

1. Ask the Veteran to complete a VA Form 21-4142 for Dr. N.W. Make two requests for the authorized records from Dr. N.W., unless it is clear after the first request that a second request would be futile.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his left knee disorder. The examiner must review the claims file and a copy of this Remand.

The examiner is asked to opine whether it is at least as likely as not that the Veteran’s left knee disorder is caused or aggravated by his service-connected degenerative arthritis of the lumbar spine with intervertebral disc syndrome and dextroscoliosis. 

The term “aggravation” means a chronic worsening of a disability beyond its natural progression. If aggravation is found, then, to the extent possible, the examiner should establish a baseline level of severity of the radiculopathy prior to aggravation by the service-connected back disability.

(Continued on the next page)

 

A complete rationale must be provided for all opinions expressed. The rationale must consider and discuss the pertinent evidence of record, to include the Veteran’s lay statements.

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. Mortimer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.